MINNEHAN & HAZLEHURST, plaintiffs in error, *vs.* THE BRUNSWICK AND ALBANY RAILROAD COMPANY *et al.*, defendants in error.

When a bill is filed to marshal the assets of an insolvent railroad company, and a receiver appointed, and the claims against the company are numerous, complicated and conflicting, and they are referred to a master, who reports upon their justness, amount and priority, and on consideration of his report, each case is separately considered, a judgment of the court is had upon it, fixing its amount and its priority and *status*, in reference to the other claims before the court, and this being done, a decree is taken, by consent of all parties, fixing their priorities and liens and for the sale of the road, and that the proceeds shall be brought in for distribution, according to the priorities of the several judgments:
*Held*, that on the coming in of the proceeds of the sale, it *is too late* for one of the parties, who has presented his claim to the auditor and reduced it to judgment in the manner stated, to modify his claim so as to set up new liens and new equities not presented to the master or to the court, in its consideration of his report, unless there be a clear showing of fraud, mistake of fact, or newly discovered testimony, to explain the failure to present the truth of the case at the hearing, when the several claims and their priorities were determined by the court.

Equity. Decree. Amendment. Debtor and creditor. Before Judge SCHLEY. Glynn Superior Court. November Term, 1873.

A creditor's bill was filed against the Brunswick and Albany Railroad Company, to which Minnehan & Hazlehurst made themselves parties. Their claim was passed upon by the master appointed in said case. Upon his report a decree was taken fixing the amounts, priorities, etc., of all the claims before the court, and directing the sale of the road. In this proceeding they recovered a judgment, as general creditors, for $5,000 00. When the proceeds of said sale were brought into court for distribution, it was ascertained that the general creditors would receive nothing. Minnehan & Hazlehurst then proposed to file an amendment to the bill, setting up a lien for labor performed by them, and materials furnished, in the construction of the road. This the court, on objection made, refused to permit, and they excepted.

HINES & HOBBS, for plaintiffs in error.

O. A. LOCHRANE; A. O. BACON; J. N. NICHOLS; MC-LAWS & GANAHL, for defendants.

McCAY, Judge.

We recognize the principle that, in a creditor's bill, a party at interest may come in even after a decree, and before the fund is disposed of, and set up his claim upon the fund, and that judgments are only conclusive upon parties and matters before the court. But this cannot, and does not, include an exception in favor of parties and matters that have been before the court. The rule is one founded on sound sense and the obvious demands of justice. A party who has not been heard ought not to be barred by a judgment, except so far as the necessity of the case demands it. A creditor's bill is in the nature of a proceeding *in rem.* A fund is in hand; all parties interested are brought before the court, as far as possible, and anybody at interest may come in at any time before the fund is disposed of, giving an excuse, according to the nature of the case, for his delay. But it would be a gross perversion of the rule, and one that would make a creditor's bill a mere sham, to permit a party who has been before the court—who has presented his claims and had a full opportunity to insist upon his rights—to come forward, at his option, after the court has passed upon the subject matter, and present his claim in a new light, with new liens and new equities. It is a safe and a well settled rule that when a party moves a court of justice to decide upon his rights, he shall present them as he insists upon them, and shall present them, not by bits and parcels, but fully and entirely. Not only the other parties, but the country, have a right to insist upon it that one investigation and one judgment shall dispose of the subject.

There is no excuse presented why the equity of these parties was not presented before the master, or at the hearing of

the exceptions to his report, or at the time of the final consent decree. The claim of a debt in favor of these parties against the road was always present; at first, as it appears, claiming a contractor's lien, and it was finally, by the judgment of the court and by the consent decree, adjudged to have no lien. To allow the matter to be opened now, after it has once been investigated, at the mere option of the party, without any excuse for the failure to bring it forward in this shape before, would, as we think, be trifling not only with the rights of the other parties, but with the dignity and rights of the public tribunals. If these parties may modify, now, their own claim, may they not just as well modify their objection to the claims of others, and may not any one of the others modify his claim by new assertions of equity? Essentially this very matter has been passed upon. The present movants set up a lien originally. The present movement is only a new form or a new reason for the original claim. The case of *Crutchfield*, in 44 *Georgia*, 65, is peculiar. The new matter brought forward by the administrator there was before a final hearing, and it was of matter which, under the order appointing the master, he could not have heard, to-wit: a cross demand set up against the claim of the daughters of Cochran, by reason of the malfeasance of their husbands, and the court put the permission to make the question after the master's report upon that special ground, to-wit: that the master had no power, under the order, to hear it, and that it would have been improper to bring it up before him. But the very object of the master's appointment in this case was to determine just such matters as this claim presents, and the matter having been passed upon by him and by the court, and a consent decree passed, the parties are, in our judgment, concluded.

Judgment affirmed.